**Rogelio Gilberto Salinas LOPEZ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–74054.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed March 27, 2008.

Sung Uk Park, Esq., Law Offices of Sung U. Park, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Siu P. Wong, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

MEMORANDUM **

Rogelio Gilberto Salinas Lopez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' decision affirming the immigration judge's de-nial of his application for cancellation of removal based on his failure to establish the requisite exceptional or extremely un-usual hardship to his United States citizen children.

Petitioner contends that the IJ violated his due process rights by not properly considering all of the evidence of hardship, and the BIA failed to properly consider the evidence.

The IJ's interpretation of the evidence and the hardship standard fell within the broad range of interpretations authorized by the statutory language, *see Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004 (9th Cir.2003), and petitioner's argument other-wise fails to raise a colorable constitutional claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005). Petition-er contends that the BIA failed to consider some or all of the evidence, but he fails to overcome the presumption that the BIA did review the record. *See Fernandez v. Gonzales,* 439 F.3d 592, 603 (9th Cir.2006).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-cation and is not precedent except as provid-ed by 9th Cir. R. 36–3.